PER CURIAM.
Veronica Singleton Perdue appeals her convictions on two counts of first degree murder, arising out of the drowning deaths of her two small children. We affirm on all issues.
The children were found in the early morning hours of February 10, 1990, in waist deep water in a “barrow pit.” Perdue’s automobile was found near the edge of an embankment at the scene. One child was pronounced dead upon arrival at the hospital, and the other child died the next day.
Perdue and her children had been at the home of a friend on the previous evening, and left shortly after midnight to return to the home of her mother-in-law, a five-minute drive. At approximately 3:00 a.m., Perdue came into her mother-in-law’s home, barefoot and wet from the waist down, with cuts on her arms, saying that two men had thrown the children into the water and that they were dead. A neighbor notified the police and then drove Perdue to the scene.
Perdue gave varying versions of what had transpired to neighbors and relatives before the police arrived, to law enforcement officers at the scene of the drownings, and to detectives at the police building where she was taken after the children were removed from the scene by rescue units. When she and the detectives returned to the scene later in the morning, she elaborated on her story that she and the children had been attacked by several men wearing masks.
Perdue’s statement to Detective Hyde on February 14 was contradictory to her testimony at trial. The version of the incident she gave Pat Davis, a potential employer, was contradictory to the statements she had given to the detectives and was also contradictory to her trial testimony. When she spoke to Wayne Ellis, an assistant state attorney, on February 20, she told him there was no attempted, threatened or actual sexual battery. But two weeks after the incident, she told her husband that all three alleged assailants had raped her, and that she did not tell the police about being raped because it was embarrassing.
Perdue was eventually arrested, indicted, and convicted of the murders of her children. She raises a number of issues in this appeal, none of which has any merit.
The trial judge did not err in denying the defense motion to suppress Perdue’s statements. The record supports his determinations that she was read her rights and voluntarily agreed to answer questions when she was taken to the police building after initially leaving the scene, that she was read her rights and voluntarily agreed to answer questions when she met with Detective Hyde on February 14, and that she voluntarily waived her rights or did not request an attorney or otherwise invoke her rights when she met with Detective Hyde and Mr. Ellis on February 20.
The trial judge did not err in denying a defense motion to suppress the automobile and all evidence obtained from the auto *119 mobile. The police properly impounded the vehicle and were not required to obtain a warrant prior to doing so. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). There is no requirement that the warrantless search of a vehicle occur simultaneously with its lawful seizure. U.S. v. Johns, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify such a war-rantless search. Id. Cf. Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974) (impoundment and 1-day delay did not make examination of exterior of vehicle unreasonable where it could have been done on the spot); State v. Starkey, 559 So.2d 335 (Fla. 1st DCA 1990) (“the police are now free to search any vehicle, any time, and any place (except when it is upon residential property) simply because the police have probable cause to believe that the vehicle contains contraband or other evidence of a crime.”)[1]
The state was not improperly permitted to strike black jurors in violation of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). The record indicates that the trial judge did not abuse his discretion in finding the state had race neutral reasons for exercising the peremptory challenges.[2]
The trial judge did not abuse his discretion in admitting two letters from Perdue to her husband, fingerprint photographs from the rear of her car, expert testimony regarding the cuts on her arms, the razor blade found near the scene, and evidence of Perdue’s extra-marital affair. Each item of evidence was shown to be relevant.
We reject Perdue’s assertion that the admission of improper, prejudicial testimony by Wayne Ellis denied her a fair trial. Of the numerous complaints regarding the testimony of Ellis detailed in the brief, some statements were not objected to. With regard to those portions of the testimony which were objected to, some objections were sustained, the trial court gave curative instructions with no subsequent motion for mistrial, or the testimony was cumulative to statements made at other points in examination or cross-examination.
We also reject Perdue’s assertion that repeated prosecutorial misconduct denied her a fair trial. Again, in some instances defense counsel did not raise a contemporaneous objection. In those instances when an objection was raised, the trial judge either properly overruled the objections or sustained the objections. Defense counsel did not request curative instructions in some instances, and the trial judge gave a cautionary instruction in one instance. We also note that one of the alleged instances of prejudicial injection of character evidence occurred during an argument at the bench and the jury was not present. We determine that the alleged acts of misconduct by the prosecutor, individually or collectively, did not deny Perdue a fair trial.
*120 Perdue’s arguments that the prosecutor improperly presented testimony on and then argued her post-Miranda silence is without merit. The trial judge correctly determined that Detective Hickson’s testimony was not susceptible to a construction that Perdue exercised her right to remain silent. The record does not support her assertion that the prosecutor’s cross-examination of her was an improper comment on her right to remain silent.
The trial judge did not err in denying additional closing argument to the defense. He correctly noted “that the State’s rebuttal argument was in fact rebuttal, it was within the range of fair comment on the closing argument made by the defense. To the extent that it presented anything new, it was in direct invitation to and challenge from the defense’s closing argument, filling in the holes that the defense pointed out may have existed in the State’s opening argument, and it was not sandbagging....”
Finally, the trial judge did not err in denying the motions for judgment of acquittal. The state introduced competent evidence from which the jury could have reasonably rejected every reasonable hypothesis except that of guilt. State v. Law, 559 So.2d 187 (Fla.1989).
AFFIRMED.
BOOTH, BARFIELD and ALLEN, JJ., concur.

. We reject the state’s argument that defense counsel failed to preserve for appellate review the issues of admission of her statements and physical evidence obtained from the automobile. Although defense counsel did not make contemporaneous objections when the statements and evidence were presented at trial, defense counsel at the beginning of the trial asked the trial judge to consider that Perdue objected to any statements or physical evidence previously addressed by one of the motions to suppress and that she was not waiving the issue by not reraising it during the course of the trial. The trial judge responded: "I think if you raised it at pretrial it is considered timely as far as I’m concerned.... If you have something new, you need to tell me about it at the time.” Although perhaps not the best procedure, we determine that the issues were properly preserved in this case.

. We note that the argument in the initial brief regarding this issue consists, in its entirety, of the following:
Although that course of action might not violate the letter of State v. Neil, 457 So.2d 481 (Fla.1984), and State v. Slappy, 522 So.2d 18 (Fla.1988), it certainly violates the spirit of those decisions as well as the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 9, 16 and 22 of the Florida Constitution.
Neither the identity of the jurors that the state was allegedly improperly permitted to strike nor the reason Perdue felt the reasons given by the prosecutor were not race neutral is set forth in either the argument or the 124 page statement of the case and the facts.